E-FILED | 3/1/2021 4:49 PM
CC-34-2021-C-11
Nicholas County Circuit Clerk
Debbie Facemire

## I/N THE CIRCUIT COURT OF NICHOLAS COUNTY, WEST VIRGINIA

**JUAN V. WARD, JR.,**

    **Plaintiff,**

v.                                        **CIVIL ACTION No:_____**
                                              **JUDGE _____**

**CHARLES I. OZULUMBA, and**
**ONTARIO LTD. D/B/A SAFRON LOGISTICS,**

    **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Juan V. Ward, Jr., by counsel, for his Complaint, and moves this Court for judgment against the Defendants, Charles I. Ozulumba and Ontario Ltd. d/b/a Safron Logistics, jointly and severally, on the grounds and in the amount as set forth below:

### Count I: Negligence of Defendant Ozulumba

1. Plaintiff, Juan V. Ward, Jr., ("Plaintiff"), at all times relevant to the matters alleged herein, was and is a resident of Monaca in Beaver County, Pennsylvania.

2. Defendant, Charles I. Ozulumba, ("Defendant Ozulumba"), at all times relevant to the matters alleged herein, was and is a resident of Ottawa, Ontario.

3. Upon information and belief, Defendant, Ontario Ltd. d/b/a Safron Logistics ("Defendant Logistics"), at all times relevant to the matters alleged herein, was and is a trucking and transportation company operating in West Virginia and organized in Mississauga, Ontario.

4. This Court has general jurisdiction over the parties and venue is proper in this Court because the cause of action arose from the defendants' operation of a motor vehicle on the highways in Nicholas County, West Virginia.

1



5. On or about April 29, 2019, at 10:15 p.m., Plaintiff was the driver of a vehicle traveling northbound on WV State Route 19 at or near the intersection with WV State Route 41 in Summersville, Nicholas County, West Virginia.

6. At the same time and place aforesaid, Defendant Ozulumba, was operating a 2012 Freightliner tractor trailer traveling northbound on WV State Route 19 behind Plaintiff.

7. At all times relevant in this action, Defendant Ozulumba had a duty to operate his vehicle with reasonable care and with due regard for the safety of others using the road.

8. Notwithstanding these duties, Defendant Ozulumba carelessly, recklessly, and negligently operated the Freightliner tractor trailer and crashed into the car driven by the Plaintiff, Juan V. Ward, Jr., causing significant damage.

9. Defendant Ozulumba's negligence included, but was not limited to, the following:

 (a) Failing to keep a proper lookout;

 (b) Failing to give full time and attention to the operation of his vehicle;

 (c) Exceeding the safe speed given conditions at the time of the crash;

 (d) Failing to maintain his vehicle under proper control in violation of W.V. Code §17C-6-1.

 (e) Failing to maintain a proper following distance;

 (f) Failing to yield the right of way while passing;

 (g) Making an unsafe lane change; and

 (h) Crashing into the side of car driven by the Plaintiff, Juan V. Ward, Jr.

10. As a direct and proximate result of Defendant Ozulumba's negligent and reckless conduct in causing this crash, Plaintiff, Juan V. Ward, Jr., has been caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind; has

sustained physical limitations, mental anguish and emotional injury; has suffered inconvenience and has been prevented from transacting his business; and has incurred and will continue to incur in the future, hospital, doctor and related bills in an effort to be cured of said injuries.

### Count II: Negligence of Defendant Logistics

11. Plaintiff incorporates by reference, realleges and repleads the allegations of paragraphs 1- 10 of Count I as if fully set forth herein.

12. At all times relevant in this action, Defendant Ozulumba was an employee, servant and agent of Defendant, Ontario Ltd. d/b/a Safron Logistics ("Defendant Logistics").

13. At all times relevant in this action Defendant Ozulumba was operating the vehicle as an agent and employee of Defendant Logistics and was acting within the course and scope of his agency and employment.

14. At all times relevant in this action, Defendant Logistics is liable for the conduct of Defendant Ozulumba under the doctrine of respondeat superior and agency.

15. As a direct and proximate result of the negligence of Defendant Ontario Ltd. d/b/a Safron Logistics, by and through Defendant Ozulumba, Plaintiff, Juan V. Ward, Jr., sustained serious and permanent injuries; has suffered and will continue to suffer great pain of body and mind; has sustained physical limitations, mental anguish and emotional injury; has suffered inconvenience and has been prevented from transacting his business; and has incurred and will continue to incur in the future, hospital, doctor and related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff, Juan V. Ward, Jr., by counsel, moves this Court for judgment against the Defendants, Charles I. Ozulumba and Ontario Ltd. d/b/a Safron Logistics, jointly and

severally, in such sums as will adequately compensate him for his injuries which said sums are within the jurisdiction of this Court, including compensatory and general damages together with prejudgment and post judgment interest from April 29, 2019, and costs expended in the bringing of this lawsuit, including attorneys' fees and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                          **JUAN V. WARD, JR.**

                                          Plaintiff, By Counsel

/s/ Andrea J. Geiger
Andrea J. Geiger (WVSB #13722)
**THE JOEL BIEBER FIRM**
United Center Building
500 Virginia Street E., Suite 1190
Charleston, WV 25301
Telephone: (304) 800-8000
Facsimile: (804) 358-2262
*Counsel for Plaintiff*

4